# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CANDANCE BUCKNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **Civil Action No. 5:13-CV-2218-CLS** |
| **CITY OF HUNTSVILLE, a** ) | |
| **Municipal Corporation d/b/a** ) | |
| **VON BRAUN CENTER,** ) | |
| **RANDSTAD INHOUSE** ) | |
| **SERVICES, L.P., RANDSTAD** ) | |
| **US, L.P., and RANDSTAD** ) | |
| **STAFFING SERVICES, INC.,** ) | |
| ) | |
| **Defendants**. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Candance Buckner, filed this case on December 10, 2013.[1] Her amended complaint, filed on June 23, 2014, asserts claims for race and color discrimination (Count One); sex discrimination (Count Two); and negligent training, supervision, and retention (Counts Three and Four),[2] against the following defendants: (1) the City of Huntsville, Alabama, a municipal corporation d/b/a Von

---

[1] Doc. no. 1 (Complaint).

[2] Count Three is a claim for negligent training, supervision, and retention against defendants Randstad Inhouse Services, L.P., Randstad US, L.P., and Randstad Staffing Services, Inc. Doc. no. 26 (Amended Complaint), at 10-12 (Count Three). Count Four is a claim for negligent training, supervision, and retention against defendant City of Huntsville d/b/a/ Von Braun Center. *Id.* at 12-13 (Count Four).

Braun Center ("the City"); (2) Randstad, US, L.P.; (3) Randstad Inhouse Services, L.P.; (4) and Randstad Staffing Services, Inc.[3] The case currently is before the court on the City's motion for partial summary judgment on plaintiff's claim against it for negligent training, supervision, and retention (Count Four).[4] Upon consideration of the motion, briefs, and evidentiary submissions, the court concludes the motion is due to be granted.

## I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v.*

---

[3] *See id.* ¶¶ 5-9.  The amended complaint also named Von Braun Center Board of Control as a defendant, *id.* ¶ 6, but all claims against that defendant were dismissed on July 17, 2014.  *See* doc. no. 34.

[4] Doc. no. 31.

*City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). Inferences in favor of the non-moving party are not unqualified, however. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983) (alteration supplied). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is *material* to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921) (emphasis and alteration supplied). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

## II. DISCUSSION

The City argues that summary judgment should be granted on plaintiff's state law claim against it for negligent training, supervision, and retention because plaintiff failed to properly and timely provide notice of the claim under Alabama law, which provides:

> All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. *Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.*

Ala. Code § 11-47-23 (1975) (emphasis supplied). Additionally, Alabama Code § 11-47-192 provides:

> No recovery shall be had against any city or town on a claim for personal injury received, *unless a sworn statement be filed with the clerk* by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed. [emphasis supplied].

Plaintiff's claim against the City for negligent training, supervision, and retention clearly is a tort. Accordingly, plaintiff was required to provide notice of the claim to the City Clerk within six months of its accrual. Plaintiff alleges in her amended complaint that she was notified of her termination on January 22, 2013.[5] Therefore, she should have notified the City of her claim by July 22, 2013, at the latest.[6] It is undisputed that she never filed a formal Notice of Claim with the City Clerk.[7]

---

[5] Doc. no. 26 (Amended Complaint) ¶ 21.

[6] Defendant's brief states that "[s]ix months after January 22, 2013, was June 22, 2013." Doc. no. 31, at 5 (alteration supplied). That was either a mathematical mistake or a typographical error, because six months from January 22 would clearly fall on *July* 22, not June 22.

[7] *See* doc. no. 11, Exhibit A (Affidavit of Charles E. Hagood) ¶ 5 ("I am not aware of any notice of claim being filed with the COH by, or [on] behalf of, Candance Buckner regarding the matters at issue in the above-styled action. Furthermore, to the best of my knowledge and according

Even so, plaintiff asserts that the City received "actual notice" of the claim on one or more of the following dates: (1) March 11, 2013, when plaintiff initiated a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC");[8] (2) March 27, 2013, when the EEOC notified the City of the charge through Paul Yant, "the current human resources executive at the Von Braun Center";[9] (3) April 10, 2013, when plaintiff filed a formal charge of discrimination with the EEOC, "declaring under penalty of perjury that the statements made in the charge of discrimination were true and correct";[10] (4) April 16, 2013, when the formal charge of discrimination was transmitted to Paul Yant;[11] (5) May 15, 2013, when Erin Dunagan, Assistant City Attorney, "replied to the EEOC acknowledging receipt of the formal charge of discrimination";[12] or (6) May 21, 2013, when Dunagan provided the City's position statement to the EEOC.[13] According to plaintiff, all of those dates are within six months of the accrual of her claims on January 22, 2013, and, consequently, the City had timely notice of the claim.

---

to the records on file in my office, no such notice of claim has ever been filed with the COH by, or on behalf of, Candance Buckner.") (alteration supplied).  *See also* doc. no. 35 (plaintiff's response brief) (never actually disputing that plaintiff failed to file a Notice of Claim).

[8] *See* doc. no. 35 (plaintiff's response brief) ¶ 3.
[9] *Id.* ¶ 4.
[10] *Id.* ¶ 5.
[11] *Id.* ¶ 6.
[12] *Id.* ¶ 7.
[13] *Id.*

It is true that actual notice of the claim can suffice under Alabama law, even if the plaintiff has not filed a formal Notice of Claim with the City Clerk or other designated official. Even so, all the cases cited by plaintiff in support of that proposition discussed *the filing of suit* as "actual notice." *See Hill v. City of Huntsville,* 590 So. 2d 876 (Ala. 1991); *Frazier v. City of Mobile,* 577 So. 2d 439 (Ala. 1991); *Diemert v. City of Mobile,* 474 So. 2d 663 (Ala. 1985). Here, plaintiff did not file this case until December 10, 2013, which was well after the six-month deadline had expired.[14] There is no authority — much less binding authority — to support the argument that plaintiff's EEOC charge should be considered to have imputed "actual notice" to the City in the same way a judicial complaint would have. Moreover, even if the EEOC charge could have imputed "actual notice," plaintiff's charge discussed only federal claims under Title VII; it did not mention any state law claims for negligent training, supervision, and retention. The City cannot have had notice of tort claims that were not even mentioned by plaintiff.

### III. CONCLUSION AND ORDER

In accordance with the foregoing, the court concludes that plaintiff failed to provide adequate notice of her claim for negligent training, supervision, and retention against the City. Accordingly, the City's motion for partial summary judgment on

---

[14] *See* doc. no. 1 (Complaint).

6

that claim is GRANTED, and plaintiff's claim for negligent training, supervision, and retention against the City is DISMISSED with prejudice.

DONE and ORDERED this 19th day of November, 2014.

_____
United States District Judge